IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED PARCEL SERVICE, INC.,
et al.,

   Plaintiffs,

     v.

PAJE TRUCKING, INC.,

   Defendant.

CIVIL ACTION FILE
NO. 1:16-CV-4020-TWT

**OPINION AND ORDER**

This is a declaratory judgment action. It is before the Court on the Defendant PAJE Trucking, Inc.'s Motions for Partial Summary Judgment [Doc. 45] and for Summary Judgment [Doc. 56]. For the following reasons, the Defendant's Motion for Partial Summary Judgment [Doc. 45] is DENIED AS MOOT, and the Defendant's Motion for Summary Judgment [Doc. 56] is GRANTED.

**I. Legal Standard**

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.[1] The court should

---

[1] FED. R. CIV. P. 56(a).

view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant.[2] The party seeking summary judgment must first identify grounds to show the absence of a genuine issue of material fact.[3] The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.[4] "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party."[5]

## II. Background and Discussion

This case arises out of an incident that occurred on July 1, 2014, when an employee of one of the Plaintiffs' many corporations was injured as the Defendant's employee set his truck in motion, causing the victim's forklift to fall to the ground. The Complaint alleges that the Plaintiffs, as a result of a duty they had to defend and indemnify the property owner, paid the victim damages and

---

[2] Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970).

[3] Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

[4] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

[5] Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).

incurred attorneys' fees. The Plaintiffs now seek to recoup those damages and attorneys' fees from the Defendant.

The Complaint alleges that UPS, Inc. paid damages to the victim and legal fees in defending and indemnifying the property owner.[6] The record, however, shows that it was other companies affiliated with UPS, Inc., not UPS, Inc. itself, that paid those damages.[7] The Complaint also alleges that the employee was a UPS, Inc. dockworker, but the record shows that he was an employee of UPS Cartage Services.[8] Thus, according to the record, there is no evidence to suggest that UPS, Inc. sustained any damages.

Consequently, the Defendant filed this Motion for Summary Judgment. UPS, Inc. admitted that it had suffered no damages in its response, but pointed to its pending motion to file an amended complaint substituting in new plaintiffs as the reason to deny summary judgment. The Court, however, has since denied that motion, leaving the UPS, Inc. as a plaintiff. Therefore, because UPS, Inc. has suffered no damages, the Defendant's Motion for Summary Judgment must be granted.

---

[6] Compl. at ¶ 29.

[7] See Interrogatory Responses at 1-2 [Doc. 41-6]; RFA Responses, Nos. 6-11 [Doc. 41-5].

[8] RFA Responses, Nos. 1-6 [Doc. 41-5].

### III. Conclusion

For the reasons stated above, the Defendant's Motion for Summary Judgment [Doc. 56] is GRANTED. And because the other Plaintiffs have since been dropped from the case,[9] the Defendant's Motion for Partial Summary Judgment is DENIED AS MOOT. The Clerk is hereby directed to close the case.

SO ORDERED, this 3 day of August, 2017.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

---

[9] See Order Granting Motion for Order to Drop Party Plaintiffs and Modify the Names of the Party Plaintiffs in the Case Caption [Doc. 65].